UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br>　　　　Petitioner,<br>　v.<br>SHAWN HATTON,<br>　　　　Respondent. | Case No. 17-cv-04332-PJH<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Contra Costa County which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee.

## BACKGROUND

The petition is 384 pages and quite confusing. Petitioner states he was sentenced to ten years and eight months in prison on February 5, 2015. Petition at 1. Petitioner pled guilty on that date to three different cases. Petition at 278-81. It does not appear that he filed a direct appeal of his conviction. Petition at 85. Petitioner did file more than twenty state habeas petitions and writs of mandate. Petition at 37-39. A few of the petitions were to the California Supreme Court, though it is not clear what claims were presented to that court.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

The petition appears to assert that: (1) he received ineffective assistance of counsel; (2) the plea bargain was altered; (3) court staff violated California Penal Law; (4) there was no probable cause for the criminal charges; (5) he was denied access to the courts; and (6) he did not receive discovery.

Petitioner's third, fourth, fifth and sixth claims fail to present cognizable federal claims. Petitioner is informed that a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same); United States v. Jackson, 697 F.3d 1141, 1144 (9th Cir. 2012) (by pleading guilty defendant waived right to challenge pre-plea violation of Speedy Trial Act).

The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); Tollett, 411 U.S. at 267. A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent

2

character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Id.* "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971); *Cuero v. Cate*, 827 F.3d 879, 882-83, 891 (9th Cir. 2016) (granting habeas where state trial court erroneously allowed prosecutor to amend the complaint to allege an additional prior strike after plea agreement had already been entered and accepted by the court).

Aspects of the first and second claims appear to present proper claims. However, before petitioner may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims he wishes to raise in this Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.* If petitioner has not exhausted all of the claims he may also seek to stay the petition while he exhausts the remaining claims.

The petition is dismissed with leave to amend to identify what claims have been exhausted. The amended petition may be no longer than 75 pages, including exhibits.

## CONCLUSION

1. The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed no later than **September 26, 2017**, and must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. **It may be no longer than 75 pages.**

2. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this

3

action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 24, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_04332_Torres_v_Hatton_(PSP)\17-cv-04332-PJH-dwlta.docx

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>        Plaintiff,<br><br>    v.<br><br>SHAWN HATTON,<br><br>        Defendant. | Case No. 17-cv-04332-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 24, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mario Torres ID: CDC #AR3573
P.O. Box 705 LA 222
Soledad, CA 93960-0705


Dated: August 24, 2017

                                                    Susan Y. Soong
                                                  Clerk, United States District Court

                                                  By:____*Kelly Collins*____
                                                  Kelly Collins, Deputy Clerk to the
                                                  Honorable PHYLLIS J. HAMILTON