UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO TORRES,

    Petitioner,

v.

SHAWN HATTON,

    Respondent.

Case No. 17-cv-04332-PJH

**ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE**

Re: Dkt. Nos. 15, 17

Petitioner, a state prisoner, filed a pro se writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend. The court noted that the petition was quite confusing and several of petitioner's claims were not proper federal habeas claims. It was also not clear what claims had been exhausted. Petitioner filed an amended motion for a stay, but failed to file an amended petition. The motion to stay was dismissed with leave to amend because petitioner failed to present any arguments. Petitioner has filed a second amended petition and a second amended motion to stay.

**BACKGROUND**

It appears that after petitioner's conviction was reversed by the California Court of Appeal, petitioner pled guilty to several counts on February 5, 2015. It does not appear that he filed a direct appeal of his conviction. Petitioner did file more than twenty state habeas petitions and writs of mandate. A few of the petitions were to the California Supreme Court, though it is not clear what claims were presented to that court.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### LEGAL CLAIMS

Petitioner seeks a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).[1] A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure

---

[1] "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

2

but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing).

Petitioner has filed a second amended petition containing what he contends is an exhausted claim that he is actually innocent. He seeks to exhaust the following claims: (1) that he received ineffective assistance of counsel regarding the plea; (2) that his plea agreement was not fulfilled; (3) that he was denied counsel; and (4) that his sentence is illegal.

Petitioner's request for a stay pursuant to *Kelly* is denied. Petitioner has not presented any arguments that his new claims he seeks to exhaust share a "common core of operative facts" with the exhausted claim or that he has complied with the statute of limitations. However, in light of petitioner's pro se status and after a review of his petition, the court finds that petitioner has demonstrated good cause for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines*, *supra*, at 277-78. Liberally construing the motion, petitioner has shown good cause for his failure to exhaust the claims before filing this action, the claims do not appear patently meritless, and there do not appear to be any intentionally dilatory litigation tactics by petitioner.

This case will be stayed for petitioner to exhaust the remaining claims.[2] Petitioner is informed that before he may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims

---

[2] Even if petitioner has not exhausted any claims the case may still be stayed. A district court has the discretion to stay a petition containing only unexhausted claims under the circumstances set forth in *Rhines*. *Mena v. Long*, 813 F.3d 907, 909 (9th Cir. 2016).

3

he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

With respect to the claims in the petition, petitioner is informed that a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same); *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (by pleading guilty defendant waived right to challenge pre-plea violation of Speedy Trial Act).

The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett*, 411 U.S. at 267. A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Id*. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971); *Cuero v. Cate*, 827 F.3d 879, 882-83, 891 (9th Cir. 2016) (granting habeas where state trial court erroneously allowed prosecutor to amend the complaint to allege an additional prior strike after plea agreement had already been entered and accepted by the court).

In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Court assumed without deciding that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Herrera*, 506 U.S. at 417. The Court has declined to answer the question left open in *Herrera* and hold that freestanding actual innocence claims (i.e., claims in which the

4

petitioner argues that the evidence sufficiently establishes his innocence, irrespective of any constitutional error at trial or sentencing) are possible. *See House v. Bell*, 547 U.S. 518, 554-55 (2006).

After *Herrera*, the Ninth Circuit initially found that there could be no habeas relief based solely on a petitioner's actual innocence of the crime in a noncapital case. *See Coley v. Gonzalez*, 55 F.3d 1385, 1387 (9th Cir. 1995). But it has held since that it is "still an open question" whether federal habeas relief is available based on a freestanding claim of actual innocence. *Taylor v. Beard*, 811 F.3d 326, 334 (9th Cir. 2016) (en banc) (citing *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)).

Petitioner may raise all of these claims in state court, but only cognizable federal claims will continue in this court once they have been properly exhausted.

## CONCLUSION

1. Petitioner's motion for a stay (Docket No. 17) is **GRANTED** and this case is **STAYED** to allow petitioner to present his unexhausted claims in state court. The motion to file an oversized habeas petition (Docket No. 15) is **GRANTED**. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

2. The stay is subject to the following conditions:

(1) Petitioner must diligently pursue his state court habeas proceedings; and

(2) Petitioner must notify this court within thirty days after the state courts have completed their review of his claim or after they have refused review of his claims.

If either condition of the stay is not satisfied, this court may vacate the stay and act on this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The Clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

3. Petitioner must keep the court informed of any change of address and must

comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: January 4, 2018

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2017\2017_04332_Torres_v_Hatton_(PSP)\17-cv-04332-PJH-stay.docx

6