UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO TORRES,

    Petitioner,

v.

SHAWN HATTON,

    Respondent.

Case No. 17-cv-04332-PJH

**ORDER LIFTING STAY AND FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a state prisoner, filed a pro se writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition (Docket No. 16) was stayed so petitioner could exhaust further claims. Petitioner now seeks to lift the stay.

**BACKGROUND**

It appears that after petitioner's conviction was reversed by the California Court of Appeal, petitioner pled guilty to several counts on February 5, 2015. It does not appear that he filed a direct appeal of his conviction. Petitioner did file more than twenty state habeas petitions and writs of mandate. A few of the petitions were to the California Supreme Court and petitioner indicates that his claims are now exhausted.[1]

**DISCUSSION**

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

---
[1] If the claims have not been properly exhausted, respondent may raise the issue in a motion to dismiss.

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) he is actually innocent; (2) counsel was ineffective with respect to his plea and failed to provide petitioner with certain paperwork; (3) his plea agreement was violated; (4) there was a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (5) he received an illegal sentence. Liberally construed, the final four claims are sufficient to require a response, but the first claim regarding actual innocence is dismissed.

In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Court assumed without deciding that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Herrera*, 506 U.S. at 417. The Court has declined to answer the question left open in *Herrera* and hold that freestanding actual innocence claims (i.e., claims in which the petitioner argues that the evidence sufficiently establishes his innocence, irrespective of any constitutional error at trial or sentencing) are possible. *See House v. Bell*, 547 U.S. 518, 554-55 (2006).

After *Herrera*, the Ninth Circuit initially found that there could be no habeas relief based solely on a petitioner's actual innocence of the crime in a noncapital case. *See Coley v. Gonzalez*, 55 F.3d 1385, 1387 (9th Cir. 1995). But it has held since that it is "still an open question" whether federal habeas relief is available based on a freestanding claim of actual innocence. *Taylor v. Beard*, 811 F.3d 326, 334 (9th Cir. 2016) (en banc) (citing *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)).

**CONCLUSION**

1. The stay in this case is **LIFTED** and the case is **REOPENED**. The first claim is **DISMISSED**.

2. The clerk shall serve by regular mail a copy of this order and the petition (Docket No. 16) and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court

3

and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: July 30, 2018

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br>        Plaintiff,<br>    v.<br>SHAWN HATTON,<br>        Defendant. | Case No. 17-cv-04332-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mario Torres ID: AR3573
Corr. Training Facility
PO Box 705
Soledad, CA 93960


Dated: July 30, 2018

                              Susan Y. Soong
                              Clerk, United States District Court

                              *Kelly Collins*
                              By:_____
                              Kelly Collins, Deputy Clerk to the
                              Honorable PHYLLIS J. HAMILTON