UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO TORRES,

    Petitioner,

v.

SHAWN HATTON,

    Respondent.

Case No. 17-cv-04332-PJH

**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR RECONSIDERATION; GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Re: Dkt. Nos. 50, 54

    This is a *pro se* prisoner habeas case. On March 8, 2019, after the parties fully briefed the claims in the petition, the Court issued an Order Denying the Petition for a Writ of Habeas Corpus and Denying Certificate of Appealability. On the same day, the Court entered judgment in favor of the respondent. On March 25, 2019, petitioner filed a motion for an extension of time to file a motion for reconsideration, on April 5, 2019, he filed a notice of appeal and, on April 18, 2019, he filed a motion for leave to proceed *in forma pauperis* ("IFP") on appeal.

    In his motion for reconsideration, petitioner states he is in county jail on another matter and, in addition to an order for an extension of time, he requests the Court issue orders to the state court about his in forma pauperis status and his need for appointment of counsel. This Court lacks jurisdiction over petitioner's new state case; therefore, it cannot issue orders to the state court regarding that case.

    Where the court's ruling has resulted in a final judgment, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

United States District Court
Northern District of California

The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (*en banc*).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

In his motion for an extension of time, petitioner does not argue there has been an intervening change in controlling law, the availability of new evidence or the need to correct clear error or prevent manifest injustice. His motion indicates he seeks to relitigate the claims in his petition. However, a motion for reconsideration is not a substitute for an appeal or a forum for re-litigating claims. Therefore, the motion for an extension of time to file a motion for reconsideration is denied because petitioner has not indicated he has grounds for reconsideration.

Although petitioner has not filed his trust account statement with his motion to proceed IFP, the Court credits his statements in his application that he is indigent and has only $.13 in his trust account. Therefore, petitioner's motion to proceed IFP on appeal is granted.

This Order terminates docket numbers 50 and 54.

**IT IS SO ORDERED.**

Dated: April 24, 2019

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>  Plaintiff,<br><br>  v.<br><br>SHAWN HATTON,<br><br>  Defendant. | Case No. 17-cv-04332-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mario Torres ID: CC19KW389
4058 Treat Blvd.
Concord, CA 94518

Dated: April 24, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON